# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 1, 2012

No. 11-11070
Summary Calendar

Lyle W. Cayce
Clerk

In the Matter of:
NPOT PARTNERS I, LP,

Debtor.

DARREN L. REAGAN,

Appellant,

versus

NPOT PARTNERS, LP,

Appellee.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:11-CV-476

Before SMITH, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-11070

Darren Reagan, *pro se*, appeals the district court's dismissal, with prejudice, of his appeal of the judgment of the bankruptcy court dismissing his adversary proceeding against debtor NPOT Partners I, LP ("NPOT"). The district court dismissed because Reagan had failed to file an appellate brief in that court after having been granted several extensions of time and after being warned that no further extensions would be granted.

In its appellee's brief in Reagan's appeal to this court, NPOT properly points out that the district court was unable to consider Reagan's appeal to it, because he filed no brief. Likewise, NPOT correctly suggests that we therefore cannot consider the first of Reagan's two issues in this appeal, which he describes as "Whether NPOT Partners illegally seized Reagan's home after he filed a complaint against it and it filed for bankruptcy protection?"

Reagan's second and last issue on appeal is "Whether the district court erred in dismissing Reagan's appeal of the bankruptcy court's dismissal of the adversary proceeding against NPOT Partners?" The district court did not err and surely did not abuse its discretion in dismissing the appeal to it from the bankruptcy court in light of the numerous extensions and warnings given to Reagan by the district court.

The judgment of the district court, dismissing the appeal of the judgment of the bankruptcy court, is AFFIRMED.